The final matter today, number 171654, Delgado-Caraballo et al. v. Hospital Pavia Hato Rey, Inc. Tuey Infante Castellanos in representation of appellant plaintiffs, if you may please accord. This is a case that was brought under EMTALA provisions, violation of EMTALA provisions. Plaintiffs in this case, alleging the complaint that they attained federal jurisdiction under Section 28 U.S.C., excuse me, Title 28 U.S.C. Section 1331, since the suit arises out of violations to the EMTALA medical screening provisions and the patient stabilization provisions, stabilization provisions I should say, when attending their mother and grandmother, respectively, Miss Natividad Caraballo at Hospital Pavia, at Hospital Pavia Hato Rey's co-defendants psychiatric stabilization unit. The initial scheduling conference held in this case on June 18, 2015, at that initial scheduling conference, the parties presented their positions and at the outset, the district court judge, Honorable Judge Daniel Dominguez, stated that the parties informed the court that this case was filed under EMTALA. However, there are legal considerations that need to be addressed in order for the court to determine whether indeed this is an action under EMTALA or under federal diversity jurisdiction and consequently, whether the court has federal jurisdiction to proceed in this case. So we see that at the outset, the district court judge determined that there were some legal issues to be determined before he proceeded with the case. Therefore, he set an EMTALA evidentiary hearing. That's how important it was for the judge to determine whether or not the facts in this case supported under the well-pledged case rule, an EMTALA cause of action. The judge set the evidentiary hearing for December of 2015, December 7th to December 9th. And he shortened the terms of discovery because he wanted that to determine whether or not he had jurisdiction or not quickly. The parties engaged in good faith and hard discovery proceedings. Nevertheless, the parties decided to present a joint motion requesting an extension of the discovery period because of the complexity of the case. And requested at docket 59 an extension of the discovery period in order to carry out the necessary discovery and also requested from the judge to set aside the evidentiary hearing scheduled for December and suggested that he may hold that evidentiary hearing after motions for summary judgment based on lack of subject matter jurisdiction either due, excuse me, either based on lack of EMTALA violations or lack of diversity jurisdiction. So we have an intention of defendants clearly expressed to the court from the moment that the initial scheduling conference was held and later reaffirmed that they will be submitting motions for summary judgment after discovery was carried out. And the plaintiffs agreed. The plaintiffs also needed to carry out more discovery and in order to prepare for the evidentiary hearing that the court may have held or could have held after the motions for summary judgment. Motions for summary judgments were filed. The evidence, the record is clear as to a multiplicity of controversies regarding material facts regarding the EMTALA violations. In their complaint, plaintiffs were very broad in terms of their allegations. Plaintiffs stated in the complaint that the cause of action accrued under EMTALA for all plaintiffs and also included the survivorship claim of the decedent, Ms. Caraballo. Ms. Caraballo's survivorship claim was being claimed for lack of a better term by two of the children, two of her children that are plaintiffs in this case. The whole community of heirs was not included. Nevertheless, the complaint alleges that all of the damages claimed by plaintiffs were due to EMTALA violations and due to medical malpractice claims also. So we have two concurrent causes for the action. Once the court receives and analyzes the motions for summary judgment, it determines that before it goes into the merits of the case, that it should analyze whether or not there was an indispensable party missing from the case. The court states in its opinion and order at Docket 125 that prior to reaching the merits of plaintiff's claim, the court must determine whether plaintiffs failed to join an indispensable party to the suit. That is a Rule 19, Federal Rules of Civil Procedure 19 persons, excuse me, to require party analysis. Nevertheless, the district court jumped into the 19B part of Rule 19, excuse me, strike that. The court started its analysis by presenting the court traversy of whether or not an indispensable party was missing from the case. The court determined that it was necessary to have the absent heirs in the complaint. Nevertheless, it did not address the plain language of the rule that states that if a absent party can feasibly be joined into the case, that it shall do it. It basically jumped into the 19B analysis without any reference to the first part of the analysis that this honorable court stated should be carried out in such cases. In the case of, excuse me. Counselor, Rule 19A2, which says that the court must order that the person be made a party. Did you bring that up or did the court bring up that directive to the court? Did the plaintiffs bring the issue of whether or not there should be a required party that a joint, excuse me, that an absent party should be joined if feasible? Is that your question? No. Once the court made a determination that joinder was required, the rule says that the court must order that the person be made a party. And I'm trying to figure out if the court issued such an order or gave you an opportunity to join the parties that it thought indispensable. Thank you for your question, Your Honor. Actually, plaintiffs, after having their case dismissed, filed a motion under Rule 59E, basically requesting that the court join, order the joinder of the indispensable parties that it had determined should be in the case. The court denied our motion and did not express a racial dissidentity for denying our motion. But as a matter of fact, that request was presented to the court, Your Honor. Nevertheless, for reasons that are beyond plaintiffs' understanding, they were not given the opportunity to join the two absent heirs and thereby preserving EMTALA, excuse me, federal question jurisdiction in this case under EMTALA. The court seemed to believe that the only source of federal jurisdiction in this case was the plaintiff's survivorship claim. Nevertheless, plaintiffs allege that throughout the case they have made reference to claims for their own damages directly resulting from the violations of EMTALA. Exclusively? No, not exclusively. There was a survivorship claim also. Yes. Miss Natividad Caraballo, plaintiff's content, committed suicide due to the fact that she was not appropriately screened and stabilized at Hospital Pavia Psychiatric Org. Therefore, we're claiming that that's a violation of EMTALA and the decedent had her own cause of action, which under Puerto Rico law, her heirs inherit and can claim. So in that respect, are you not challenging the conclusion that it would at least have to be the joinder of those heirs for the suit to go forward? We, in this case, we chose not to question that issue, not to present that before the court. So the only issue you want us to decide is the question of even though joinder is required, what is the proper way to go about it and should we actually have been dismissal? Plaintiffs don't want to concede that Puerto Rico law requires that all heirs be present in a claim for a survivorship claim. And we argued against that proposition at the district court level. We did not present that argument to you. We believe that is a... And you're not arguing to us that the only claims were claims that were brought by the heirs in their own right? No. So you're conceding that there are some unjoined, the way you filed the complaint, there were some unjoined heirs. Correct. That it would be proper to say were necessary to be joined. If we accept the district court's interpretation of Puerto Rico law, it would be necessary... I'm just trying to understand what you're arguing to us. Okay. Belen's proposition is that there's an issue for certification to the Puerto Rico Supreme Court. There are cases, for example, Topigas, that states that... And there have been multiple decisions in the district court determining that not all heirs... Was that raised below? It was raised below. It was raised below. Nevertheless... When? For the first time in the motion for reconsideration? I don't recall if it was raised in the opposition's motion for summary judgment. I don't recall... I don't have that fact. But for the purpose of this litigation... Or excuse me, for the purpose of the stage we're in in this litigation, plaintiffs argue that the primary contention is that if the court determined that there were necessary parties or indispensable parties to be the survivorship claim, they should have been joined. They are subject to process. They're adults. They live in Puerto Rico. They would not destroy diversity of jurisdiction because there's no diversity of jurisdiction. And therefore, the rule... The rule's mandate should be... Should be followed. The rule says... Rule 19A1 and 19A2... Indicates that a person is subject to... If a person is subject to process and is deemed to be required party to be joined, whose joinder will not deprive the court of subject matter jurisdiction, as in this case, the person must be joined as a party if feasible. And it is feasible in this case. Now, the Entala jurisdictional issue, the whole issue is a fact-based issue that should be presented to the court either in an evidentiary hearing or before the jury. The court intended from the get-go to make a determination to see if it had federal jurisdiction of Entala. It chose not to address that issue in its opinion and order. Plaintiffs requested in their motion under Rule 59E, not only to order the joiner of the persons of the court deemed to be indispensable, but also to submit the matter to a jury and to set a trial date. And I think I have 22 seconds. Can I have those 22 seconds for rebuttal? I forgot to ask for the beginning. Yes, you can. Thank you. Good morning. This is attorney Gloria de Corral on behalf of Apeli Hospital, Pavia Atorrey. The issues before the court from our perspective are fairly straightforward. Plaintiffs filed an Entala claim in which they claimed for the survivorship or patrimonial cause of action of the patient. And for that patrimonial cause of action, it was being presented or pursued only by two members of the estate of that person. Under Puerto Rico Inheritance Law, each and every member of the estate needs to be brought into the action in order for the estate to be deemed a legal entity, to gain judicial personality. It is an entity that is understood not to have a legal entity, but to have an independent personality, but to be constituted by each and every member of the estate of the person. Each and every legal heir. I thought that wasn't disputed on appeal. It is undisputed. Why didn't the court order joinder? The court, in my opinion, did not order joinder because it was not appropriate. In my opinion, from my view of the record, Entala set a clear deadline to pursue the claim, which is two years from the date of the alleged violation. At the time that plaintiff filed their claim, which was September 30, 2014, it was just one day prior to the time for the Entala claim to be time barred. So, since the estate was never legally constituted, since the two plaintiffs that did set forth the claim lacked standing to pursue it because of the failure to join the other two heirs, then the Entala claim was time barred. Did the district court say that? No, it did not. The district court did not say that. The district court didn't say that, so no one ever got into the issue of relating back. Yeah. The truth of the matter is that the Entala claim, the survivorship claim, was never legally set forth because the estate was never formally constituted, and that is the only person that got set forth such a claim. Apart from the time bar argument, is there any argument that could justify the district court's decision to dismiss under Rule 19, rather than to order joinder? Not that I can think of, honestly. Okay. The other issue that plaintiffs are setting forth in their motion for, in their appeal, is essentially that plaintiffs have a valid Entala claim for their own personal actions. And it is our contention that regarding that particular claim, first of all, the issues were set forth in our motion for summary judgment and plaintiffs remained silent and did not bring forth any issue regarding plaintiffs' personal claims until the issue was brought on appeal. But that wasn't ruled on by the district court either, right? It was not. The court did mention that the only valid claim under the Entala was the survivorship claim in its decision. But for Rule 19 purposes, it wouldn't necessarily matter whether it's a valid claim. Correct. So instead of deciding the case on the merits of the court, or rather than deciding the case on the merits of the Entala claim, the summary judgment, I mean, the court decided to first determine whether there were indispensable parties that had not been joined. But you concede that the right thing to do would have been to order joinder unless there was a time bar. Exactly. And did you argue that it was time barred in your brief to us? Yes, I did. But you hadn't argued that below. I did not argue that below because the decision, the case got dismissed. But you didn't argue that as a ground for dismissing to the district court. I did argue that there was no standing for them to bring forth the Entala cause of action. And therefore, it should be dismissed for that reason. Correct. And did they respond to that? Did your opponent respond to that below? I don't recall that they did. Essentially, regarding the survivorship claim, the only thing that the plaintiffs or the appellants responded to was that the court, the First Circuit was divided as to on whether each and every plaintiff and every member of the estate was an indispensable party to a survivorship claim or not. And that it was an unsettled law at the time. So they didn't argue anything else. They did not argue under Rule 19. They did not request joinder themselves knowing that there were indispensable parties or members of the estate that had not been originally joined to the claim and knowing their identities as well. Judge Thompson, any additional questions? I don't think so. Thank you. Good morning, Your Honors. If it pleases the court, my name is Harry Endulce and I represent  Mr. Morales Bolsio, APS Healthcare, Puerto Rico, Inc. Your Honor, I joined the sister counsel argument and maybe addressing a question that was put to her. If you read the opinion on order, you find that the court clearly points out that there is a problem of missing parties. Now, it is the court's duty to bring parties into a case after plaintiff are made aware that they might be needed for the plaintiff to be able to exercise any kind of jurisdiction? Well, the rule counsel says if a person has not been joined as required, the court must order that the person be made a party. That's what the rule says. Your Honor, unless it's impractical, it will destroy jurisdiction. Right. Excuse me, Your Honor, yes. Why would it be impractical or destruction of jurisdiction in this case? Well, because the plaintiffs come to you today and say, we're not giving diversity jurisdiction. But they were in district court. And if they bring those additional plaintiffs, diversity jurisdiction will be destroyed. There's an Untala claim. Excuse me, sir. There is an Untala claim, so there's 1331 jurisdiction. No, no, we are talking about the survivorship. Yeah, but that would be supplemental to that. No, no, no. You're talking about their individual claims. I'm talking about whether the jurisdiction of the court would be destroyed. So long as there's an Untala claim, it can't be destroyed. Well, the Untala claim, that is precisely the point. The Untala claim as to those additional plaintiffs will be tall. Will be what? There's no way of being wrong. The bill cannot be wrong. But the district court never made that ruling. Excuse me? The district court never made that ruling. Did it have to? I don't think so. Why not? Under the rule, it has to decide that it's impractical or would The Untala case actually doesn't reach my client because it is not before the court. Any complaint by the plaintiffs as to Untala in relation to my client. That's an excellent answer. Except it doesn't help you. It doesn't help you, though, that answer. Oh, it does. No, because it doesn't explain the disposition of the case. The disposition of the case was to dismiss the whole thing under Rule 19. No, not the whole thing. Well, not the whole thing. The Untala has been dismissed without prejudice. I see. With relation to Bavia. So, it is not that they send them packing. And even after that amendment was made, no request was ever made to respectfully, we believe that the court should have dismissed with prejudice the state court claims or the state law claims because they're obviously barred by the running of the statute of limitations. If these are, as the plaintiffs have claimed and the appellants have claimed before you, personal injury claims by the son and daughter of the deceased, then they only had one year to promote that action against APS or against Bavia. They failed to do that. And it is a very, very weak argument which they made by claiming that, well, they didn't know they gave it to an attorney and then the attorney took all the time in the world deciding where they had a course of action and then when the attorney decided it is like the due diligence to file within a year is not of the attorney, it is of the party. But for that reason, we understand that the court should have dismissed with prejudice those courses of action and not remit them to the state court because it is an unnecessary expense of judicial efforts in the state court. I'm confused. Which claims are you saying should have been you are disagreeing with the district court's dismissal of certain claims without prejudice? You're saying they should have been with prejudice? What I'm saying is that the court should not limit itself to remit to the state court the local claims. That they should have been dismissed with prejudice because it is obvious from the stipulated facts before the court. Did you file a cross appeal on that? No, we did not. Any other questions? I'm good, thank you. Thank you. Thank you, Mr. Court. In attention to Hospital Pavia's argument that perhaps the court did not order to join her because perhaps the statute of limitations would have run out at the time that a new filing would have been made. Let's just read from the opinion on order. The judge states on page 13 plaintiffs would also be able to refile their claim in the federal court with all the indispensable parties. He's making reference to Emtala claims, so no. He did not consider that Emtala case to have been told for the additional parties. Regarding the knowing that they should have been known reference made by brother counsel and by sister counsel. Plaintiffs did not know that they had to join the non-party heirs because plaintiffs do not agree with that interpretation of Puerto Rico law. So that argument does not have merit. Hold on. Judge Thompson, any further questions? No, thank you.